# IN THE COMMON PLEAS COURT OF GREENE COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **JERRY DAVIS** | : | **Case No.:** |
| 1260 Beech Street | | |
| Fairborn, Ohio 45324 | : | **Judge:** 2018CV0251 |
| | | |
| **Plaintiff,** | : | JUDGE BUCKWALTER |
| | | |
| vs. | : | |
| | | |
| **ECOLAB, INC.** | : | |
| c/o Statutory Agent | | |
| CT Corporation System | : | |
| 4400 Easton Commons Way, Suite 125 | | |
| Columbus, Ohio 43219 | : | |
| | | |
| And | : | |
| | | |
| **JOHN DOE EMPLOYEE** | : | |
| Name Unknown | | |
| Address Unknown | : | |
| | | |
| and | : | |
| | | |
| **OHIO BUREAU OF WORKERS'** | : | **COMPLAINT FOR** |
| **COMPENSATION** | | **PERSONAL INJURIES** |
| 30 West Spring Street | : | |
| Columbus, Ohio 43215 | | |
| | : | |
| and | | |
| | : | |
| **OHIO DEPARTMENT OF MEDICAID** | | |
| c/o Robert J. Byrne, Esq. | : | |
| Ohio Attorney General | | |
| Collection and Enforcement Section | : | |
| 150 East Gay Street, 21st Floor | | |
| Columbus, Ohio 43215 | : | |
| | | |
| **Defendants.** | : | |

1. At all times relevant herein, Plaintiff, Jerry Davis, was a resident of Greene County, Ohio and working in the course and scope of his employment at Longhorn Steakhouse, located at 2710 Towne Drive in the City of Beavercreek, Greene County, Ohio.

1

2. At all times relevant herein, Defendant, Ecolab, Inc., is a Delaware corporation doing business in Greene County, Ohio.

3. Defendant, Ecolab, Inc., manufactures, sells and/or leases, installs, maintains, services, and repairs commercial dishwashers for use in restaurants.

4. Plaintiff has been diligent in his efforts to ascertain the name and address of Defendant, John Doe Employee, but he has been unsuccessful.

5. At all times relevant herein, Defendant, John Doe Employee, was an employee of Defendant, Ecolab, Inc., and he was acting in the course and scope of his employment and/or he was acting as an agent for Defendant, Ecolab, Inc.

6. Defendant, Ecolab, Inc., is vicariously liable for the actions, inactions, and/or negligence of its employees and/or agents in general and Defendant, John Doe Employee, in particular under the doctrine of *responeat superior*.

7. At some time prior to June 1, 2017, Defendant manufactured, installed, maintained, serviced and repaired a certain commercial dishwasher in use at the Longhorn Steakhouse, located at 2710 Towne Drive in the City of Beavercreek, Greene County.

8. As part of his job duties at Longhorn Steakhouse, Plaintiff, Jerry Davis, was required to operate the Ecolab, Inc. commercial dishwasher.

9. On or about June 1, 2017, Plaintiff, Jerry Davis, while operating the commercial dishwasher in the course and scope of his employment with Longhorn Steakhouse, sustained serious and permanent personal injuries as a direct result of the negligence of Defendants, Ecolab, Inc. and John Doe Employee.

## FIRST CLAIM FOR RELIEF

10. Plaintiff incorporates each and every allegation contained above as though fully rewritten herein.

11. On or about March 5, 2017, Plaintiff, Jerry Davis, began his employment with the Longhorn Steakhouse, located at 2710 Towne Drive in the City of Beavercreek, Greene County, and he was employed there through June 1, 2017.

12. At some time prior to March 5, 2017, Defendant, Ecolab, Inc., provided a commercial dishwasher and installed it at the Longhorn Steakhouse located at 2710 Towne Drive in the City of Beavercreek, Greene County.

13. The Ecolab commercial dishwasher was installed at the Longhorn Steakhouse by employees of Defendant, Ecolab, Inc., including Defendant, John Doe Employee.

14. At all times during Plaintiff's term of employment with Longhorn Steakhouse, the same Ecolab commercial dishwasher was in use.

2

15. After the Ecolab commercial dishwasher was installed at the Longhorn Steakhouse, Defendant, Ecolab, Inc., provided periodic service, maintenance and repairs for the Ecolab commercial dishwasher performed by Defendant, Ecolab, Inc., employees including Defendant, John Doe Employee.

16. In the days before June 1, 2017, employees of Defendant, Ecolab, Inc., including Defendant, John Doe Employee, were present at the Longhorn Steakhouse located at 2710 Towne Drive in the City of Beavercreek, Greene County to perform maintenance, repairs and/or service on the Echolab commercial dishwasher.

17. Defendants, Ecolab, Inc. and John Doe Employee, were responsible for the service, maintenance and repairs for the Ecolab commercial dishwasher at the Longhorn Steakhouse.

18. Defendant, Ecolab, Inc., employees and/or Defendant, John Doe Employee, had a duty to perform service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to prevent injuries to those operating the Ecolab commercial dishwasher in general and Plaintiff, Jerry Davis, in particular.

19. Defendant, Ecolab, Inc., employees and/or Defendant, John Doe Employee, had a duty to perform service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to prevent the Ecolab commercial dishwasher from malfunctioning and causing injuries to those operating Ecolab commercial dishwasher in general and Plaintiff, Jerry Davis, in particular.

20. Defendant, Ecolab, Inc., employees and/or Defendant, John Doe Employee, had a duty to perform service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to assure that that all safety features of the Ecolab commercial dishwasher were properly functioning to prevent injuries to those operating Ecolab commercial dishwasher in general and Plaintiff, Jerry Davis, in particular.

21. Defendant, Ecolab, Inc., employees and/or Defendant, John Doe Employee, had a duty to perform service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to assure that that all safety switches, including shut-off switches, of the Ecolab commercial dishwasher were properly functioning to prevent injuries to those operating Ecolab commercial dishwasher in general and Plaintiff, Jerry Davis, in particular.

22. At all times relevant herein, Defendant, Ecolab, Inc., had a duty to train its employees in the proper methods of service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to assure that that all safety features of the Ecolab commercial dishwasher were properly functioning.

23. At all times relevant herein, Defendant, Ecolab, Inc., had a duty to supervise its employees while performing service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to assure that that all safety features of the Ecolab commercial dishwasher were properly functioning.

24. At all times relevant herein, Defendant, Ecolab, Inc., had a duty to inspect the service, maintenance and repairs performed by their employees to assure that that all safety

features of the Ecolab commercial dishwasher were properly functioning.

25. Defendants, Ecolab, Inc. and/or John Doe Employee, had a duty warn all users of the Ecolab, Inc. commercial dishwasher, including Plaintiff, Jerry Davis, of the dangers involved with the use of the machine.

26. Defendant, Ecolab, Inc., employees and/or Defendant, John Doe Employee, were negligent for failing to perform service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to prevent injuries to those operating the Ecolab commercial dishwasher in general and Plaintiff, Jerry Davis, in particular.

27. Defendant, Ecolab, Inc., employees and/or Defendant, John Doe Employee, were negligent for failing to perform service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to prevent the Ecolab commercial dishwasher from malfunctioning and causing injuries to those operating Ecolab commercial dishwasher in general and Plaintiff, Jerry Davis, in particular.

28. Defendant, Ecolab, Inc., employees and/or Defendant, John Doe Employee, were negligent for failing to perform service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to assure that that all safety features of the Ecolab commercial dishwasher were properly functioning to prevent injuries to those operating Ecolab commercial dishwasher in general and Plaintiff, Jerry Davis, in particular.

29. Defendant, Ecolab, Inc., employees and/or Defendant, John Doe Employee, were negligent for failing to perform service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to assure that that all safety switches, including shut-off switches, of the Ecolab commercial dishwasher were properly functioning to prevent injuries to those operating Ecolab commercial dishwasher in general and Plaintiff, Jerry Davis, in particular.

30. At all times relevant herein, Defendant, Ecolab, Inc., was negligent for failing to train its employees in the methods of service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to assure that that all safety features of the Ecolab commercial dishwasher were properly functioning.

31. At all times relevant herein, Defendant, Ecolab, Inc., was negligent for failing to supervise its employees while performing service, maintenance and repairs for the Ecolab commercial dishwasher in a safe and workman like manner to assure that that all safety features of the Ecolab commercial dishwasher were properly functioning.

32. At all times relevant herein, Defendant, Ecolab, Inc., was negligent for failing to inspect the service, maintenance and repairs performed by their employees to assure that that all safety features of the Ecolab commercial dishwasher were properly functioning.

33. Defendants, Ecolab, Inc. and/or John Doe Employee, were negligent for failing to warn all users of the Ecolab, Inc. commercial dishwasher, including Plaintiff, Jerry Davis, of the dangers involved with the use of the machine.

34. On June 1, 2017, Plaintiff, Jerry Davis, was performing his job duties at Longhorn

Steakhouse in Greene County, Ohio.

35. Plaintiff's job duties with Longhorn Steakhouse required that he operate the Ecolab commercial dishwasher.

36. On or about June 1, 2017, as the proximate result of the negligence of Defendants Ecolab, Inc. and John Doe Employee, Plaintiff, Jerry Davis, sustained injuries and damages as follows:

a. Severe and permanent injuries;

b. Great pain and suffering both physical and emotional, and loss of ability to perform usual functions and will cause him further pain and suffering and loss of ability to perform usual functions in the future; and

c. Reasonable and necessary medical expenses in an amount not yet determined, as well as further medical expenses to be incurred in the future;

d. Loss of wages and earnings in an amount not yet determined, as well as further loss of wages and earnings in the future;

**WHEREFORE**, Plaintiff, Jerry Davis, demands judgment against Defendants, Ecolab, Inc. and John Doe Employee, jointly and severally, in an amount in excess of $25,000.00, plus interest, attorney fees and cost of this action.

## SECOND CLAIM FOR RELIEF

37. Plaintiff incorporates each and every allegation contained First Claim for Relief as though fully rewritten herein.

38. Defendant, Ohio Bureau of Workers Compensation, may have paid benefits on behalf of Plaintiff, Jerry Davis, in connection with the injuries as set forth in the First Claim for Relief.

39. As a result, Defendant, Ohio Bureau of Workers Compensation, may have a vested interest in the within action as a result of its claim of subrogation, if one so exists.

40. Defendant, Ohio Bureau of Workers Compensation, is being joined in this action to defend and protect its claim of subrogation, if one so exists.

**WHEREFORE**, Plaintiff, Jerry Davis, demands that Defendant, Ohio Bureau of Workers Compensation, appear and represent its interest in the within action or be forever barred from pursuing its subrogation claim, if one so exists.

## THIRD CLAIM FOR RELIEF

41. Plaintiff incorporates each and every allegation contained in the First, and Second Claims for Relief as though fully rewritten herein.

42. Defendant, Ohio Department of Medicaid, may have paid medical expenses on behalf of Plaintiffs in connection with the injuries as set forth in the First Claim for Relief.

43. As a result, Defendant, Ohio Department of Medicaid, may have a vested interest in the within action as a result of its claim of subrogation, if one so exists.

44. Defendant, Ohio Department of Medicaid, is being joined in this action to defend and protect its claim of subrogation, if one so exists.

**WHEREFORE**, Plaintiff, Jerry Davis, demand that Defendant, Ohio Department of Medicaid, appear and represent its interest in the within action or be forever barred from pursuing its subrogation claim, if one so exists.

Respectfully submitted,

**THE ATTKISSON LAW FIRM**

_/s/ Kevin W. Attkisson_
Kevin W. Attkisson, Esq. (0068707)
Attorney for Plaintiff
3033 Kettering Blvd., Suite 213
Dayton, Ohio 45439
Telephone: (937) 276-9700
Fax: (937) 276-9701
E-mail: kattkisson@attkissonlawfirm.com

6